(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. RAILROADS—LOCATION OF STATIONS—ORDERS OF COMMISSIONERS—ENFORCE-
MENT.
    Under Laws 1890, c. 565, §§ 161, 162, requiring railroad companies to
comply with reasonable decisions and recommendations of the railroad
commissioners as to changes in or additions to station houses, and pro-
viding that compliance therewith may be enforced by mandamus, a rail-

road company may be compelled by mandamus to erect a freight depot at a place where it already has a passenger station, such decisions and recommendations not being within the part of section 162 which provides that the legal rights of railroad companies shall not be impaired by any action of the commissioners.

2. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS.

Laws 1890, c. 565, §§ 161, 162, authorizing the railroad commissioners to determine what improvements or additions to a railroad company's rolling stock, station houses, or terminal facilities are reasonable and expedient, and providing a method for compelling compliance therewith, does not delegate legislative powers to the commissioners.

3. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

A question not raised on the hearing of the motion for an alternative writ of mandamus or by the answer will not be considered on appeal.

Appeal from judgment on report of referee.

Mandamus by the people against the President, Managers, and Company of the Delaware & Hudson Canal Company. There was a judgment awarding a peremptory writ, and defendant appeals. Affirmed.

The judgment appealed from was entered upon the report of a referee in favor of the plaintiff and against the defendant, and awarded a writ commanding the defendant to comply with a recommendation of the board of railroad commissioners that it erect at its station in the village of West Troy (now city of Watervliet) an adequate freight station upon the land already purchased by it for that purpose. In and prior to 1893 the defendant operated a railroad running northward from Albany through the village of West Troy, where it had and maintained a passenger depot, but did not have a freight house, although it had purchased a site for the same at that locality. In February, 1893, numerous citizens and merchants of West Troy made complaint to the board of railroad commissioners, alleging insufficient freight station accommodations, and the necessity of an adequate freight house at that point. A copy of the complaint was transmitted by the board to the defendant, and notice given of the improvements required. Upon due notice a hearing was had by all parties before the board. Thereafter, and on May 21, 1893, the board made a decision, recommendation, and order, which, after divers recitals, proceeded as follows: "Now, therefore, in view of this statement of the importance of the village of West Troy, and of the volume of business done therein, and of the tonnage of freight in and out of said village, bringing a revenue to the company of over $20,000, and as the village of West Troy is one growing in population and business interest, and as there is a reasonable prospect of an increase of such tonnage, it is recommended that the Delaware & Hudson Canal Company erect an adequate freight station upon the land already purchased for that purpose, and equip it with sufficient clerical and other force to properly transact the business of such station; and, in case such company refuses and neglects to comply with the terms of this order within thirty days from the date hereof, said matter be referred to the attorney general, to take such proceedings thereon as may be necessary for the enforcement of these recommendations, and the protection of the public interests under the provision of section 160 of the railroad law." This was duly served on the defendant, but was not complied with. The plaintiff then, by the attorney general, applied at special term for a mandamus, notice being given to the defendant, and after a hearing an alternative writ was issued, to which the defendant made answer, and the issues so formed were referred to a referee to hear, try, and determine.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Lewis E. Carr, for appellant.

T. E. Hancock, Atty. Gen., and G. D. B. Hasbrouck, for the People.

MERWIN, J.   It is contended by the defendant that the order or recommendation of the board of railroad commissioners cannot be enforced under the present law, any more than it could under the prior law, which was under consideration. in the case of People v. New York, L. E. & W. R. Co., 104 N. Y. 58, 9 N. E. 856.   It was there said that under the general railroad act there was no obligation upon railroad corporations to construct depot buildings for the accommodation of passengers or freight, and that the statute from which the board of railroad commissioners derived its authority (chapter 353, Laws 1882) did not give to it or to any court any power to enforce the decisions or recommendations of the board upon the subject. The present law upon the subject is found in sections 161 and 162 of the railroad law (chapter 565, Laws 1890), which are as follows:

"Sec. 161. If in the judgment of the board, after a careful personal examination of the same, it shall appear that repairs are necessary upon any railroad in the state, or that any addition to the rolling stock, or any addition to or change of the station or station-houses, or that additional terminal facilities shall be afforded, or that any change of the rates of fare for transporting freight or passengers or in the mode of operating the road or conducting its business, is reasonable and expedient in order to promote the security, convenience and accommodation of the public, the board shall give notice and information in writing to the corporation of the improvements and changes which they deem to be proper, and shall give such corporation an opportunity for a full hearing thereof, and if the corporation refuses or neglects to make such repairs, improvements and changes, within a reasonable time after such information and hearing, and fails to satisfy the board that no action is required to be taken by it, the board shall fix the time within which the same shall be made, which time it may extend.   It shall be the duty of the corporation, person or persons owning or operating the railroad to comply with such decisions and recommendations of the board as are just and reasonable.   If it fails to do so the board shall present the facts in the case to the attorney-general for his consideration and action, and shall also report them in its annual or in a special report to the legislature.

"Sec. 162. No examination, request or advice of the board, nor any investigation or report made by it, shall have the effect to impair in any manner or degree the legal rights, duties or obligations of any railroad corporation, or its legal liabilities for the consequence of its acts, or of the neglect or mismanagement of any of its agents or employés.   The supreme court at special term shall have power in its discretion, in all cases of decisions and recommendations by the board which are just and reasonable to compel compliance therewith by mandamus, subject to appeal to the general term and the court of appeals, and upon such appeal, the general term and the court of appeals may review and reverse upon the facts as well as the law."

It will be observed that in section 161 the duty is imposed upon the corporation of complying with such decisions and recommendations of the board as are just and reasonable.   There was no such provision in the former law.   The last clause of section 162 is also new.   These provisions were undoubtedly intended to remedy the defects in the former law, and did, I think, accomplish that purpose. The question whether the action of the board was just and reasonable could be contested.   Subject to that the obligation of the corporation was fixed.   It is suggested that, by reason of the first clause of section 162, there could not be any increase of duty or obligation upon the corporation by reason of any act of the board.   Whatever effect may be given to that clause, it should not be construed to nullify the other provisions of the same and prior section.   No such intention

can be attributed to the legislature. It should rather be held that the decisions and recommendations, which the corporation was directed to comply with and the court empowered to enforce, were not within the purview of the first clause of section 162. Statutes are to be construed so as to give effect if possible to all of their provisions.

No question is made as to the power of the legislature. As said in the case in 104 N. Y., at page 66, 9 N. E. 856, the legislature may, by general law, if it be deemed expedient, give force and efficacy to the determinations of the commissioners. Nor is there any delegation of legislative power. Railroad Com'rs v. Portland & O. C. R. Co., 63 Me. 269; People v. Long Island R. Co., 134 N. Y. 506, 31 N. E. 873; 6 Am. & Eng. Enc. Law (2d Ed.) 1029, 1030, and cases cited. The board was dealing with the management and administration of the road in the interest of the public, and for its security and accommodation. In behalf of and for the state it had general supervision of all railroads. It was specially directed to see whether "any addition to or change of the station or station houses" was reasonable and expedient, in order to promote the security and convenience of the public. It is not necessary to here determine whether the board had any right to establish a station where none previously existed. The question here is whether at an established station there should be suitable accommodation for freight as well as for passengers. The question was, I think, within the scope of the power of the board.

It is suggested that the burden of proof rested on the people to establish the justice and reasonableness of the action of the board. The trial court seems to have proceeded on that basis, and the question, therefore, is not important here. The referee, upon all the evidence, found and decided that the action of the board sought to be enforced was just and reasonable. This conclusion upon the facts should, we think, be sustained.

It is suggested that the recommendation of the board is too indefinite to be enforceable by mandamus. No question of this kind was raised on the motion for the writ, or in the answer to the alternative writ. On the contrary, it was expressly stated that the refusal to comply with the order of the board was put on the ground that the requirement was not just and reasonable. Evidently the defendant clearly understood what it was required to do. People v. Nostrand, 46 N. Y. 375. There was practically no uncertainty as to what kind of a freight house should be built, or what would be adequate for that place if one was to be built. The issue was whether there should be any at all, and the position of defendant was that the people of the village of West Troy were in fact furnished with sufficient and reasonable freight accommodations at the station in the adjacent village of Green Island. We find no good ground for reversal of the judgment.

Judgment affirmed, with costs. All concur.